## Howard S. Weaver et al. v. Howard S. Ives, Highway Commissioner

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued April 7—decided May 25, 1965

*Ira B. Grudberg,* for the appellants (plaintiffs).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Harold M. Mulvey,* attorney general, for the appellee (defendant).

ALCORN, J. Nine plaintiffs have joined in bringing this action to restrain the highway commissioner from proceeding with the construction of a highway through a public park. The complaint is in three counts. In the first count the plaintiffs sue as residents and taxpayers of the state and allege that the threatened action will damage them, as taxpayers, through an illegal expenditure of funds raised by taxation, will adversely affect the value of their properties and will interfere with their enjoyment and use of the park which is near their individual properties. In the second count they sue individually and as members of the "Save The Park Committee", an unincorporated association, alleging that they, and other persons similarly situated, use and enjoy the park as beneficiaries of a trust created by the gifts of individual citizens and by legislative action of the state and the city of New Haven. In the third count three of the plaintiffs sue as owners of interests in real estate across the street from the park and near the area which the defendant is proposing to take for a trunk-line highway, alleging that the taking and construction of the proposed highway will create a nuisance,

impair the value of their real estate and cause irreparable injury.

The basic facts alleged, applicable to each count, may be summarized as follows: The defendant has already taken, under what is now § 13a-73 of the General Statutes, approximately 38.5 acres of land in East Rock Park, located partly in New Haven and partly in Hamden, and he intends to take at least another thirty acres. The taking is intended for the layout and construction of a section of trunk-line highway. East Rock Park was incorporated by a special act of the General Assembly approved March 12, 1880. 8 Spec. Laws 385. The park land was acquired from time to time by gift, purchase or condemnation and has been continuously held and maintained as a public park to the present time.

The plaintiffs claim that the taking, and the proposed additional taking, of park land by the defendant is illegal and in excess of the power conferred on him by the General Statutes because, without specific legislative authority, he lacks the power to take land previously designated by the General Assembly for a public park; that the construction of a trunk-line highway on the land will cause irreparable damage to a unique area of natural beauty and will be inconsistent with the use of the land for a public park; and that the dust, noxious fumes, noise and unsightliness generated by heavy automobile and truck traffic on the proposed highway will constitute a nuisance to the plaintiffs who claim to own interests in nearby real estate, greatly impair the value of that real estate and cause irreparable injury to those plaintiffs.

The defendant demurred to the complaint as a whole without attacking the individual counts. The

grounds of the demurrer are that (1) the complaint does not allege statutory authorization for the bringing of an action against the state or any officer acting on behalf of the state; (2) it does not appear that any property of the plaintiffs will be taken for which the law requires the payment of compensation; and (3) the complaint does not show that the construction of a highway will cause any special injury to the plaintiffs. The trial court sustained the demurrer, holding, in substance, that the cause of action stated is one against the state to which the doctrine of sovereign immunity is a bar. The plaintiffs did not plead over, judgment was rendered on the demurrer, and the plaintiffs have appealed.

The trial court relied heavily on the case of *Somers* v. *Hill,* 143 Conn. 476, 123 A.2d 468, in which a demurrer to a complaint seeking an injunction to restrain the highway commissioner from collecting and discharging surface water on the plaintiff's land was sustained. The complaint in the present case, however, does not contain comparable allegations. In the *Somers* case, the action sought to enjoin an alleged illegal exercise of an undisputed legal statutory authority. In the present case, the objective is to enjoin acts which are alleged to be done or threatened without legal authority. The present plaintiffs allege, in brief, that the state, having by special act incorporated East Rock Park as a public park, must specifically authorize the taking of any part of that park for another public purpose, namely, a highway, and that no general powers of eminent domain residing in the highway commissioner authorize him to take the land. The demurrer admits all well-pleaded facts, and, since it is general, the complaint must be held good if

any of the three counts sets forth a good cause of action. *Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199.

Since injunctive relief is sought, it is incumbent on the plaintiffs to allege damage to themselves and the lack of an adequate remedy at law; each count of the complaint satisfies this requirement. The complaint does not allege, nor does the gravamen of the plaintiffs' action require it to allege, that any property of the plaintiffs is being taken. The decisive issues are whether the defendant is protected against the action stated in any of the counts by the shield of sovereign immunity and whether the plaintiffs have alleged a status entitling them to sue.

The demurrer does not require us to decide the ultimate question whether the defendant's general statutory authority to take land for highway purposes is sufficient in this case or whether special authorization by the General Assembly is necessary. See *Winchester* v. *Cox,* 129 Conn. 106, 113, 26 A.2d 592. The limited question to be decided is whether, under the allegations of this complaint, which asserts that the defendant is in fact acting illegally, the defendant is to be protected from suit by the doctrine of sovereign immunity. Previous decisions of this court have carefully distinguished situations in which the official acted within the limitations of his authority from those in which official duty was transcended. *Newton* v. *Hamden,* 79 Conn. 237, 241, 64 A. 229; *Stock* v. *Cox,* 125 Conn. 405, 417, 6 A.2d 346; *Anselmo* v. *Cox,* 135 Conn. 78, 82, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405; *Winchester* v. *Cox,* supra, 114. The principle that the sovereign cannot be sued without its consent does not prohibit a suit for injunctive

relief against one of its officers who is acting without authority. *Work* v. *Louisiana,* 269 U.S. 250, 254, 46 S. Ct. 92, 70 L. Ed. 259; *Colorado* v. *Toll,* 268 U.S. 228, 230, 45 S. Ct. 505, 69 L. Ed. 927; *Payne* v. *Central P. Ry. Co.,* 255 U.S. 228, 238, 41 S. Ct. 314, 65 L. Ed. 598; *Yale College* v. *Sanger,* 62 Fed. 177, 186 (D. Conn.); 28 Am. Jur., Injunctions, § 177; 49 Am. Jur., States, Territories, and Dependencies, § 94. Since the gravamen of the plaintiffs' complaint is that the defendant is acting illegally and in excess of his statutory authority, the action is not to be treated as one against the state requiring the consent of the state before it can be maintained.

The purport of the third ground of the demurrer is that the plaintiffs are without standing to sue because the complaint does not show any special injury to them. In seeking injunctive relief, a plaintiff must meet the requirement prerequisite to that remedy and allege that he will suffer irreparable injury. *Coyle* v. *Housing Authority,* 151 Conn. 421, 424, 198 A.2d 709. The plaintiffs assert in the first count of their complaint that the defendant's actions will damage them by adversely affecting the value of their properties and that they have no adequate remedy at law. The allegations of the first count are an adequate statement of a status entitling them to bring the action.

The plaintiffs also assign error in the trial court's denial of their motion to join the attorney general to represent the public interest in the public trust claimed to exist. The attorney general's presence for this purpose would be material only under the second count of the complaint. General Statutes § 3-125. The court could pass any order shown to be necessary by the issues developed at the trial.

Practice Book § 61.  The denial of the motion at this time was not material error.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.