## Lex Associates *v.* State of Connecticut

Superior Court

Judicial District of
Tolland at Rockville

Geographical Area No. 19

File No. CV 19-7808-00867

Memorandum filed October 5, 1978

*Hoberman & Pollack,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Robert Statchen,* assistant attorney general, for the defendant.

Francis X. Hennessy, J. Under the authority of § 47a-23 of the General Statutes, which concerns summary process, the plaintiff in this case seeks to have the defendant removed from leased premises for failure to pay rent. The defendant has filed a motion to dismiss the summary process action, claiming that the defendant is, in fact, the state of Connecticut and has governmental immunity from suit. There are further claims made by the defendant. The threshold claim of immunity from suit is, however, of primary importance so the court will address itself to that claim only.

The plaintiff is the owner of certain land known as the Superior Court building for the judicial district of Tolland. The plaintiff leased those premises to the state of Connecticut for a period of twenty years, the term ending August 31, 1989. According to the terms of the lease, which is an exhibit attached to and made part of the complaint, the state of Connecticut is to pay rent to the lessor on a monthly basis. The plaintiff has alleged that the state of Connecticut has not paid rent for the months of April and May, 1978, and that it therefore is in default under the terms of the lease. The defendant, the state, claims that it has a right under the terms of the lease to withhold rent in order to make repairs to the premises which the plaintiff, the lessor, has not done. The plaintiff has filed a claim for the rent due under the lease with the Connecticut claims commission.

The first issue presented by the defendant in support of its claim for dismissal of the action is that of governmental immunity. It is the established law of this state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued. *Baker* v. *Ives,* 162 Conn. 295; *Donnelly* v. *Ives,* 159 Conn. 163; *Murphy* v. *Ives,* 151 Conn.

259; *Somers* v. *Hill,* 143 Conn. 476. If, however, the state holds or takes property in violation of the federal or state constitutions or without statutory authority, then the state is not clothed with sovereign immunity and is subject to suit as though it were an ordinary citizen. *Simmons* v. *Parizek,* 158 Conn. 304; *Weaver* v. *Ives,* 152 Conn. 586.

The plaintiff makes two principal claims against the defendant's immunity argument. First, the plaintiff claims that the defendant's use and possession of the premises without the payment of rent constitutes an unconstitutional taking of the plaintiff's property which renders the defense of sovereign immunity inapplicable. Second, the plaintiff claims that since § 4-128 of the General Statutes, entitled "Offices for State Agencies," authorizes the state to enter into leasing arrangements and makes it mandatory for the commissioner of administrative services to execute such leases on behalf of the state, the statute must be interpreted as granting permission for the state to be sued, since to interpret it otherwise would render such leases invalid because of the lack of mutual consent on the part of the parties to assume the equal responsibilities under the terms of the agreement.

There is no taking in a constitutional sense unless the subject property cannot be utilized for any reasonable and proper purpose, such as where the economic utilization of the land is, for all practical purposes, destroyed. *Horak* v. *State,* 171 Conn. 257. A taking may occur in the constitutional sense when the state causes "a substantial interference with private property which destroys or nullifies its value or by which the owner's right to its use or enjoyment is in a substantial degree abridged or destroyed." *Textron, Inc.* v. *Wood,* 167 Conn. 334, 346.

The present case clearly shows that the economic utilization of the land, as well as the value, use and enjoyment of the land, is, as is evidenced by the lease, a source of revenue for the plaintiff through the rents paid to it by the defendant.

The plaintiff has relied on the lease as the foundation of its case. The plaintiff has claimed the non-payment of the rent in violation of the lease as the specific default which requires the court to grant a summary process hearing and decision. The plaintiff has claimed, in effect, that the loss of its rent is the substance of the interference with its property and the necessary element in its claim of constitutional taking.

The court, if restricted to considering the allegation of the plaintiff concerning constitutional taking, would not be able to decide on the merits of the defendant's motion claiming immunity from suit without hearing all the specifics of the underlying dispute as to interpretation of the lease and, thus, in effect granting a full summary process hearing. Since the lease is the undergirding of the suit, the court must look at this matter from the point of view of the allegations of the lessor, the plaintiff, and the lessee, the state, and in so doing decide if the dispute at hand is one which on its face would allow a defense of sovereign immunity to be denied because of a taking in the constitutional sense.

Both the plaintiff and the defendant are claiming that the terms of the lease control their actions. The defendant alleges that needed repairs to the property have not been made by the plaintiff and that under paragraph 7 (a) of the lease it is authorized to withhold rents in order to make the repairs. The plaintiff claims that no rent was paid and that therefore the terms of the lease have been violated.

In addition to these allegations the plaintiff has filed a claim for its rent with the Connecticut claims commission. This commission will hold a hearing to determine the claims and the counterclaims and may, if the plaintiff is dissatisfied with its decision, grant the plaintiff the right to sue in the courts.

From the evidence before the court there appears to be a reasonable dispute between a lessor and a lessee over the interpretation of a lease. This dispute is presently before a statutorily created forum where it is hoped that it will be resolved in the normal course of events.

The subject matter of the lease, which has created the relationship of lessor and lessee between the plaintiff and the defendant, is a building which is solely used for the judicial function of the government. Any disruption of that function would be a serious imposition on state government and on the citizens who are served by it. The doctrine of sovereign immunity serves as a protection to the citizens against interruptions in such essential services. Such an interruption, however, will be allowed if the state exceeds its authority by violating the constitution or is allowed to be sued by the authority contained in the General Statutes.

Presently, this matter is at most a temporary disruption of the plaintiff's full enjoyment of its property under the circumstances of a dispute over interpretation of the terms of a lease which is to be given a full hearing in another forum.

The allegations and briefs presented to the court in connection with this motion in addition to oral argument fail to convince the court that a constitutional "taking" of the plaintiff's property occurred.

The second argument of the plaintiff is that it is authorized by statute to sue the state in this matter and that, therefore, the defense of sovereign

immunity is unavailable to the defendant. The state's sovereign right not to be sued without its consent is not to be diminished by statute unless a clear intention to that effect on the part of the legislature is disclosed by use of express terms or by force of necessary implication. *Baker* v. *Ives,* 162 Conn. 295; *State* v. *Kilburn,* 81 Conn. 9.

There is no statute which specifically allows the state to be sued under the circumstances alleged in the present case. The plaintiff claims, however, that § 4-128 of the General Statutes which authorizes the state to lease property requires the commissioner of administrative services to execute such leases. Since a lease is a contract, the plaintiff argues that the legislature must have meant that the state was on a par with the other parties to the contract and that sovereign immunity from suit was waived. To hold otherwise would mean that parties to a contract are not equally protected and responsible under the contract, which flies in the face of the concept of mutuality which is the basis of contractual agreements.

The court is aware of the trend in this country to end the defense of sovereign immunity in contract actions. Many states have done this, but they have done it through legislation. The courts are also beginning to attack the concept of governmental immunity in contract matters. "In my opinion when the government enters into a contract with an individual or a corporate entity, it is liable for breach of its agreement in like manner as any other person and the doctrine of governmental immunity does not apply." *State ex rel. State Board of Public Affairs* v. *Principal Funding Corporation,* 519 P.2d 503, 507 (Okla.) (dissenting opinion). See *Connecticut* v. *F.H. McGraw & Co.,* 41 F. Sup. 369 (D. Conn.); *Kemp* v. *United States,* 38 F. Sup. 568 (D. Md.).

The trend in the legislatures of the states and in the dicta and dissenting opinions of the courts of other jurisdictions may point the way of the future, but the Connecticut legislature has not acted in this matter and the court cannot concur with the interpretive construction the plaintiff has placed upon § 4-128 of the General Statutes. The legislature did not by express wording or by suggestive wording waive the defense of governmental immunity in connection with § 4-128 of the statutes.

The court, therefore, cannot find that there has been a taking of the plaintiff's property in the constitutional sense, nor can it find that the legislature by express wording has authorized a suit against the state, nor can it find that the wording of § 4-128 by necessary implication waives governmental immunity.

The court, therefore, finds that the defense of governmental immunity is applicable in this matter and the motion to dismiss the action in summary process is granted.