[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In June 1990, the plaintiff and defendant Eastern Trucking Company (Eastern) submitted bids to the the defendant state agencies and state employees for a contract to perform trucking and storage services for the state. They were the only two bidders. Thereafter, the state awarded the contract to Eastern. In this action, the plaintiff seeks an injunction and declaratory judgment to invalidate the contract with Eastern and require the state to accept the plaintiff's bid. It also seeks damages.
In its complaint, the plaintiff makes essentially two general claims. The first is that the state did not apply to the Eastern bid the criteria required by the bid invitation documents. Therefore, the plaintiff contends, Eastern was not the "lowest qualified responsible bidder" as required by law. The second claim is based on the state's acceptance of a particular subcontractor, Condyne Freezer. Inc. (Condyne) under the Eastern bid. In previous years, the plaintiff itself had used Condyne as a subcontractor in its contract with the state. It had then discontinued Condyne after fears concerning its financial stability developed. The plaintiff claims that the state informed it that Condyne was unacceptable and, for that reason, the plaintiff designated a different, more expensive subcontractor in its bid. Eastern, however, designated Condyne and was thereby enabled to quote a lower price. The plaintiff claims that the state's action in first informing the plaintiff that Condyne was unacceptable and then accepting Condyne as a subcontractor under the Eastern bid subverted and undermined the integrity of the bid process. The state moves to dismiss the action on three grounds. This court holds that the doctrine of sovereign immunity effectively bars institution of the action in its present form and deprives the court of jurisdiction.
The complaint names as defendants the state department of administrative services, bureaus of general and technical services; Charles L. Miller, deputy commissioner; and Stephen Negri, commissioner. Since the state can act only through its officers and agents, a suit against a state officer acting in his official capacity is, in effect, a suit against the state. The state, however, cannot be sued without its consent except where the plaintiff alleges a violation of his constitutional rights. Fetterman v. University of Connecticut, 192 Conn. 539, 550
(1984); Sentner v. Board of Trustees, 184 Conn. 339 (1984) Rogan CT Page 3288 v. Board of Trustees. 178 Conn. 579 (1979). In the instant case, the plaintiff's claims do not involve any alleged violations of its constitutional rights but rather are based on alleged violations of proper procedures for administering the award of contracts for public works. The plaintiff contends that Sentner v. Board of Trustees, supra, provides an exception to the sovereign immunity rule where the relief sought includes a prayer for declaratory judgment. This is a misreading of that case, however. The Sentner decision merely expands the exception for constitutional rights actions to permit suits seeking injunctions as well as those seeking declaratory judgments. Id., 345. The Sentner decision does not expand the exception to include actions seeking damages or coercive relief from the state in cases that do not involve constitutional rights violations. The plaintiff's action in the present case, therefore, does not some within the exception to the sovereign immunity rule. The proper means of enforcing the rule is mismissal of the action. Fetterman v. Univ. of Conn. supra, at 550.
In view of the court's holding on the question of sovereign immunity, it is unnecessary to rule on the other two grounds asserted by the state as bases for dismissal.
The state's motion to dismiss its granted on the basis that the action is barred by the doctrine of sovereign immunity.
Maloney, J.