[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended verified complaint filed December 30, 1993, the plaintiff, City of New London (hereinafter the "City"), brings this action against the defendants University of Connecticut (hereinafter "UCONN"), Robert S. Broadhead and Douglas D. Heckathorn, seeking injunctive relief. In its complaint, the plaintiff alleges that it is a municipal corporation organized and existing under the laws of the State of Connecticut. Pursuant to General Statutes 7-148, the City is empowered to enact zoning laws and to enforce such zoning laws so as to protect the health, safety and general welfare of the community.
The defendants, doing business as Eastern Connecticut Health Outreach (hereinafter "ECHO"), have taken substantial steps in establishing a research center at 92 Truman Street in the City of New London. In so doing, the defendants have attracted and met with drug users, including those who have been diagnosed with Human Immunodeficiency Virus (otherwise known as HIV positive) and those with Acquired Immunodeficiency Syndrome (otherwise known as AIDS).
The creation of the research center will violate the zoning laws of the City in that 92 Truman Street is zoned C-1 and said use is not allowed in a C-1 zone.
The defendant UCONN is involved in this matter in that it is the grantee of a federal grant which will be used to operate the research center, and is the employer of the two other named defendants. The defendants Robert S. Broadhead and Douglas D. Heckathorn are agents, servants or employees of UCONN and are acting pursuant to their agency, servitude or CT Page 572 employment, and intend to be the director or principal investigator at the research center.
On December 20, 1993, the defendants filed a motion to dismiss the plaintiff's action for an injunction and an accompanying memorandum of law. The defendants argue that the doctrine of sovereign immunity bars the plaintiff's request for injunctive relief.
On December 30, 1993, the plaintiff filed a memorandum of law in opposition to the defendants' motion to dismiss, arguing that the doctrine of sovereign immunity does not shield the defendants from a suit for injunctive relief. Submitted with the plaintiff's memorandum is the affidavit of Ned Hammond, the Zoning Enforcement Officer of the City of New London.
On January 3, 1994, the defendants filed the affidavit of Lewis B. Rome, Chairman of the Board of Trustees for the University of Connecticut.
DISCUSSION
"Practice Book 143 permits a party to move for dismissal of an action on the basis of subject matter jurisdiction. A motion to dismiss is the appropriate procedural vehicle to raise a claim that sovereign immunity bars the action." Sagamore Group, Inc. v. Commissioner of Transportation,29 Conn. App. 292, 298, 614 A.2d 1255 (1992). Because a state can act only through its officers and agents, a suit against a state officer is in effect one against the sovereign state. White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990).
The motion to dismiss admits all facts well pleaded and must be decided on that alone. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). "Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Id.
The defendants argue that no exception to the doctrine of sovereign immunity applies in the present case, and, therefore, the plaintiff's request for injunctive relief is CT Page 573 barred.
The plaintiff argues that the defendants are not shielded by the doctrine of sovereign immunity because (1) there is no specific mandate or intent by the legislature to establish a research and educational facility in New London or in any other municipality which does not comply with the local zoning laws; and (2) the defendants are acting without or in excess of statutory authority.
The plaintiff concedes that UCONN, a constituent of the state system of public education, will operate the ECHO research center and that the defendants Broadhead and Heckathorn are UCONN employees acting pursuant to their agency.
The Supreme Court addressed the issue of sovereign immunity in Krozser v. New Haven, 212 Conn. 415, 421,562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 757
(1990). The court stated:
 We have long recognized the common-law principle that the state cannot be sued without its consent . . . .
 The absolute bar of actions against the state on the ground of sovereign immunity has been modified by statute and by judicial decisions. Sovereign immunity does not bar suits against state officials acting in excess of statutory authority or pursuant to an unconstitutional statute. In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief.
(Emphasis added.) (Internal quotation marks and citations omitted.) Krozser v. New Haven, supra, 420-21.
In Sentner v. Board of Trustees, 184 Conn. 339, 345,439 A.2d 1033 (1981), the court held that a state is subject to suit without consent in an action for injunctive relief when the action does not defeat the purpose of the doctrine of sovereign immunity by undue interference with governmental functions. The court's holding has been interpreted to allow the court to entertain suits seeking only to enjoin state CT Page 574 officers from illegal or unconstitutional acts. Doe v. Heintz, 204 Conn. 17, 31, 526 A.2d 1318 (1987).
The plaintiff in the present case seeks injunctive relief claiming that the defendants are acting without or in excess of their statutory authority. An allegation that the defendants acted without or in excess of their statutory authority amounts to an allegation that the defendants acted illegally. See Weaver v. Ives, 152 Conn. 586, 591,210 A.2d 661 (1965). The relief sought by the plaintiff is the type which was contemplated by the judiciary when it modified the general rule that the doctrine of sovereign immunity is an absolute bar to actions against the state. Doe v. Heintz, supra, 31.
In Weaver v. Ives, supra, 590-91, cited with approval in Sentner, supra, the court held that the defense of sovereign immunity did not apply to a claim that the highway commissioner exceeded his statutory authority. The plaintiffs in Weaver brought an action to restrain the highway commissioner from proceeding with the construction of a highway through a public park. Weaver v. Ives, supra, 587. The question decided by the court was whether, under the allegations of the complaint, the defendant was protected by the doctrine of sovereign immunity. Id., 590. The court held that the principle that the sovereign cannot be sued without its consent does not prohibit a suit for injunctive relief against one of its officers who is acting without authority. Id.
Here, the plaintiff seeks injunctive relief, claiming that the defendants are acting without and in excess of their statutory authority. The doctrine of sovereign immunity does not bar this action. See Sentner v. Board of Trustees, supra 345 n. 3; Weaver v. Ives, supra, 590-91. Accordingly, the defendants' motion to dismiss the plaintiff's amended verified complaint and application for preliminary injunction is denied.
Hurley, J. CT Page 575