[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
One of the defendants, the State Board of Labor Mediation and Arbitration, moves, pursuant to P.B. § 142 et seq., to dismiss this action seeking declaratory and injunctive relief because of a lack of subject matter jurisdiction.
The plaintiff, the Town of Ashford, has filed this complaint against Susan Tangari, AFSCME Council #4 (Union), and the State Board of Labor Mediation and Arbitration (Board). The town desires a declaratory judgment that the subject of Tangari's discharge as a town employee falls outside the arbitration provisions of the collective bargaining agreement between the town and the union and injunctive relief to prevent the Board from ordering and conducting arbitration. On July 10, 1996, the Board filed this motion to dismiss this case because subject matter jurisdiction is absent as a result of sovereign immunity. A hearing on this motion was conducted on March 24, 1997.
In general, a respondent to arbitration who questions the arbitrability of the dispute has the option to have the preliminary issue of arbitrability resolved either by the arbitrators or by the courts, New Britain vs. State Board of Mediation and Arbitration,178 Conn. 557, 560 (1979). Recourse to court to decide arbitrability, as a matter of law, is available irrespective of the terms of any agreement between the parties, Roberts v.Westchester Fire Insurance Company, 40 Conn. App. 294, 297 (1996).
The Board contends that the general rule is inapplicable in this case because, as a state agency, the Board has sovereign immunity which deprives the court of the power to rule on the matter. The Board concedes that sovereign immunity is no bar to a suit against state agencies if the complaint alleges that the agency acted in excess of statutory or constitutional authority. The Board asserts, however, that no such claim is alleged in this case.
"The principle that the sovereign cannot be sued without its consent does not prohibit a suit for injunctive relief against one of its officers who is acting without authority," Weaver v. Ives,
CT Page 3190152 Conn. 586, 590 and 591 (1965). This holding was recently reiterated in Antinerella v. Rioux, 229 Conn. 479, 487 (1994). The determinative factor is whether the complaint alleges that a state agency is acting outside its statutory powers or merely improperly exercising those powers, Weaver v. Ives, supra.
In the present case, the town alleges that Tangari and the union wish to have the Board arbitrate a dispute which falls outside the collective bargaining agreement and stipulation between the town and the union. The town avers in paragraph 12 of the complaint that, in ordering arbitration to occur, the Board "has acted illegally and without jurisdiction." Clearly, the town complains that the Board is acting ultra vires. The court holds that the complaint does, indeed, set forth a colorable claim that the Board has exceeded statutory authority in ordering arbitration to proceed.
The controlling statutory authority is G.S. § 7-472 which makes the services of the Board "available to municipal employers and employee organizations" to arbitrate grievance disputes. Most importantly, § 7-472 has been construed to permit the Board to arbitrate grievance matters if the parties agree to such arbitration,Board of Police Commissioners v. Maher, 171 Conn. 613, 619, (1976). In that case our Supreme Court stated that the arbitration provision of § 7-472 permits the Board to resolve disputes "if such service is requested" by both parties, Id, 617.
The town avers that it has never consented to submitting the dispute in question to the Board. It may be that the town will be unable to prove this allegation or even survive a motion for summary judgment on this issue, but the allegations of the complaint set forth a claim that the Board has exceeded its power under § 7-472 by ordering arbitration when the town has refused to agree to use the Board for that purpose. Consequently, this court has subject matter jurisdiction over this case, Antinerella v.Rioux, supra.
The motion to dismiss is denied.
SFERRAZZA, J.