[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS
The following facts are undisputed for the purpose of this motion. The plaintiff, Bloomfield Center Fire District (district) operates a fire department dispatching service which employs three full-time dispatchers on day, evening and night shifts, Monday through Friday, and part-time dispatchers on the weekends. In this case, the plaintiff seeks a temporary injunction restraining the defendant Connecticut Department of Labor, Board of Mediation and Arbitration, from conducting a binding interest arbitration proceeding, pursuant to Section 7-473c of the General Statutes, pending disposition of a petition for decertification of the defendant AFSCME, Connecticut Council 4, AFL-CIO (AFSCME).
On August 1, 1997, AFSCME filed a petition for an election for designation as the representative of the full-time dispatchers. The election was held by mail ballot on October15-27, 1997, with two valid ballots being cast in favor of representation.
The State Board of Labor Relations (SBLR) certified AFSCME as the dispatchers' representative on November 12, 1997. Thereafter, the plaintiff and AFSCME met in collective bargaining sessions on several dates but no agreement was reached. The time period provided by Section 7-473c of the General Statutes for the imposition of binding arbitration was initially waived. However, on November 10, 1998, AFSCME informed the Board of Mediation and CT Page 11437 Arbitration (board) that the time period would no longer be waived. In the interim, two dispatchers left the plaintiffs employ and were replaced, leaving AFSCME without majority support. Seven days prior to AFSCME's withdrawal of the waiver of the time for binding arbitration, on November 3, 1998, two of the dispatchers filed petitions for decertification of AFSCME with the SBLR. AFSCME objected to the decertification petitions, and the SBLR scheduled a hearing on the issue for May 12, 1999. On February 8, 1999, the board issued a letter stating its intention to proceed with binding arbitration.
On February 17, 1999, the district filed the pending petition for an injunction seeking to restrain the board from engaging in binding arbitration with AFSCME. The district claims that the SBLR will not process the decertification petitions if the binding arbitration results in a collective bargaining agreement. The board has moved to dismiss on the grounds of sovereign immunity and the plaintiffs failure to exhaust its administrative remedies.
 A.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988). CT Page 11438
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) FederalDeposit Ins. Corp. v. Peabody. N.E., Inc., 239 Conn. 93, 99,680 A.2d 1321 (1996). Also, "[i]t is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Internal quotation marks omitted.) Simko v. Ervin, 234 Conn. 498, 503, 661 A.2d 1018
(1995).
 B.
The board contends that the plaintiffs action for an injunction is barred because of the state's sovereign immunity from suit absent consent or a waiver. The first step in deciding whether the doctrine of sovereign immunity is a bar to the action is to determine whether the action is in fact against the state. See Roman v. Board of Trustees, 178 Conn. 579, 58 1-82,424 A.2d 274 (1979). A suit is against the state if the judgment "will operate to control the activities of the state or subject it to liability . . . ." (Internal quotation marks omitted.) Id., 582; see also Somers v. Hill, 143 Conn. 476, 479-80, 123 A.2d 468
(1956). The plaintiff seeks to enjoin the board from conducting binding arbitration to reach a collective bargaining agreement. The board is part of the Department of Labor, which is a department of the executive branch of the State of Connecticut. Therefore, the plaintiff is seeking to "control the activities of the state . . . (Internal quotation marks omitted.) Roman v.Board of Trustees, supra, 178 Conn. 582. The plaintiffs action is in fact an action against the state.
"In its pristine form the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts. . . . This absolute bar of actions against the state has been greatly modified both by statutes effectively consenting to suit in some instances as well as by judicial decisions in others." (Citations omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479,487, 642 A.2d 699 (1994). "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Id., 487-88; see also Savage v. Aronson, supra, 214 Conn. 264;Fetterman v. University of Connecticut, 192 Conn. 539, 552-53,473 A.2d 1176 (1984); Sentner v. Board of Trustees, CT Page 11439184 Conn. 339, 343, 439 A.2d 1033 (1981).
In relevant part, the plaintiff argues that the board's imposition of binding arbitration is illegal because AFSCME no longer has authority to negotiate with the district. The plaintiff further claims the board would be acting in excess of its statutory authority by imposing binding arbitration while the decertification petitions are pending before the SBLR.
The powers of the board are codified at General Statutes §§7-472 to 7-474. Subsection (b) of § 7-473c provides in pertinent part that "[i]f neither the municipal employer nor the municipal employee organization has requested the arbitration services of the State Board of Mediation and Arbitration (1) within one hundred eighty days after the certification or recognition of a newly certified or recognized municipal employee organization required to commence negotiations pursuant to section 7-473
a . . . said board shall notify the municipal employer and municipal employee organization that one hundred eighty days have passed since the certification or recognition of the newly certified or recognized municipal employee organization, and that binding and final arbitration is now imposed on them, provided written notification of such imposition shall be sent by registered mail or certified mail, return receipt requested, to each party." General Statutes § 7-473c (b). That section then specifies the procedure for selecting an arbitration panel.
The plaintiff essentially contends that the imposition of binding arbitration by the board would be illegal because the municipality has no duty to negotiate with the employee organization, AFSCME, which has lost the support of its employees. The relevant issue for the Court's consideration is, however, whether the board would exceed its statutory authority by imposing binding arbitration. The language of § 7-473c (b) states that the board "shall" impose binding arbitration on a municipal employer and certified municipal employee organization who cannot negotiate a collective bargaining agreement within one hundred eighty days. Not only does the board have the statutory authority to impose arbitration, the board must impose binding arbitration under the mandate of the relevant statute. In the present case, AFSCME remains the certified municipal employee organization. The plaintiff points to no statute that limits the arbitration requirement of § 7-473c when petitions for decertification of the employee organization have been filed with the SBLR. Whether AFSCME and the district have no duty or right CT Page 11440 to negotiate in this instance does not change the fact that the relevant statute, as written, places an obligation on the board to conduct binding arbitration. It cannot be said, therefore, that the "official duty [will be] transcended" by the board in this case. Savage v. Aronson, supra, 214 Conn. 265 citing, Weaverv. Ives, 152 Conn. 586, 590, 210 A.2d 661 (1965).
Therefore, the board has not exceeded, and will not exceed, its statutory authority by imposing binding arbitration on these parties. Since the plaintiff has not alleged a constitutional violation, this injunction action is barred by the doctrine of sovereign immunity which deprives the court of subject matter jurisdiction. See Savage v. Aronson, supra, 214 Conn. 264
(requiring either action in excess of statutory authority or constitutional violation). Due to the court's lack of jurisdiction on the ground of sovereign immunity, the issue of whether the plaintiff has failed to exhaust its administrative remedies is moot.
Accordingly, the motion to dismiss is granted.
Peck, J.