# PETER BENEDICT *v.* TOWN OF NORFOLK
## (SC 18268)

Rogers, C. J., and Katz, Palmer, Vertefeuille, Zarella and McLachlan, Js.*

Argued January 12—officially released June 8, 2010

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

*John R. Logan*, for the appellant (substitute plaintiff).

*David M. Sheridan*, for the appellee (defendant).

*William F. Gallagher* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

ROGERS, C. J. The dispositive issue in this appeal is whether the identifiable person, imminent harm[1] exception to governmental immunity for discretionary acts applies in an action brought directly against a municipality pursuant to General Statutes § 52-557n (a).[2] The

---

[1] The imminent harm exception to discretionary act immunity applies "when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . By its own terms, this test requires three things: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . If the plaintiffs fail to establish any one of the three prongs, this failure will be fatal to their claim that they come within the imminent harm exception." (Citations omitted; internal quotation marks omitted.) *Violano* v. *Fernandez*, 280 Conn. 310, 329, 907 A.2d 1188 (2006).

[2] General Statutes § 52-557n (a) provides: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit; and (C) acts of the political subdivision which constitute the creation or participation in the creation of a nuisance; provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149. (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

plaintiff, Peter Benedict,[3] appeals from the trial court's grant of the motion to strike filed by the defendant, the town of Norfolk, and the judgment rendered in favor of the defendant in response to the plaintiff's subsequent motion for judgment. The plaintiff claims, inter alia, that the trial court improperly concluded that, under § 52-557n (a) (1) (A), the identifiable person, imminent harm exception applies only to municipal employees and does not extend to municipalities themselves.[4]

[3] After the named plaintiff in this action, Peter Benedict, died on December 13, 2008, the administrator of his estate, John T. Benedict, filed a motion to be substituted as the plaintiff in this matter. On May 21, 2009, this court granted the motion to substitute. For convenience, we refer to Peter Benedict as the plaintiff.

[4] We agree with the plaintiff's claim that the trial court improperly granted the defendant's motion to strike on the ground that the identifiable person, imminent harm exception could not apply as a matter of law to the plaintiff's action. Accordingly, we need not consider the plaintiff's claims that the trial court improperly concluded that: (1) the defendant's failure to plow and sand the parking lot in which the plaintiff was injured constituted a discretionary act under § 52-557n (a) (2) (B); (2) the defense of governmental immunity applied when the defendant had assumed a private as opposed to a public duty to plow and sand the private parking lot; and (3) the factual question of whether the defendant's negligence constituted a discretionary rather than a ministerial act was a question that could be resolved on a motion to strike.

In connection with his additional claims, the plaintiff encourages this court to reconsider our current standard for determining whether an act is discretionary under § 52-557n. In 2006, we held that, for the purposes of § 52-557n, municipal acts that would otherwise be considered discretionary will only be deemed ministerial if a policy or rule limiting discretion in the completion of such acts exists. *Violano* v. *Fernandez*, supra, 280 Conn. 323–24, 327–28. The plaintiff maintains that our decision in *Violano* was incorrect and that we have misconstrued the language of and legislative intent underlying the discretionary act exception set forth in § 52-557n (a) (2) (B). The plaintiff further argues that a municipality should be entitled to immunity only for those decisions that are made at the planning stage, not at the operational stage.

We decline the plaintiff's invitation to revisit *Violano*. In the four years since that decision, the legislature has taken no action to overrule it. We view this legislative inaction as implicit approval of our construction of § 52-557n. See, e.g., *State* v. *Peeler*, 271 Conn. 338, 427–28, 857 A.2d 808 (2004) ("although legislative inaction is not necessarily legislative affirmation . . . we . . . presume that the legislature is aware of [this court's] interpretation

Based on our recent decision in *Grady* v. *Somers*, 294 Conn. 324, 348, 984 A.2d 684 (2009), we agree with the plaintiff and reverse the judgment of the trial court.[5]

The record reveals the following relevant facts and procedural history. This action arises from the plaintiff's fall on ice in the parking lot of the Meadowbrook Housing Complex (complex), where he resided. The Norfolk Senior Housing Corporation owned the complex and permitted the plaintiff to live there, due to his disability determination. In 1973, the defendant held a town meeting at which the town residents voted to undertake the obligation of sanding and snow removal for the complex driveway and parking area. In 2005, the plaintiff allegedly sustained serious injuries when he slipped and fell on ice in the complex parking lot. The plaintiff later brought this action in a one count complaint, claiming that his injuries were the result of the defendant's negligence.[6] The plaintiff claimed that the defendant was negligent in failing to discharge its duty to properly sand and remove ice from the parking lot.

of a statute, and that its subsequent nonaction may be understood as a validation of that interpretation" [internal quotation marks omitted]), cert. denied, 546 U.S. 845, 126 S. Ct. 94, 163 L. Ed. 2d 110 (2005). Similarly, "[t]he question whether the principles of governmental immunity from suit and liability can best serve this and succeeding generations has become, by force of the long and firm establishment of these principles as precedent, a matter for legislative, not judicial, determination." (Internal quotation marks omitted.) *Rogan* v. *Board of Trustees*, 178 Conn. 579, 582, 424 A.2d 274 (1979).

[5] We released our opinion in *Grady* on December 22, 2009, while the present appeal was pending and approximately three weeks prior to oral argument before this court. The trial court did not have the benefit of our decision in *Grady* when it granted the defendant's motion to strike.

[6] The plaintiff initially brought an action against the Norfolk Senior Housing Corporation (corporation), as the owner of the complex. The corporation then brought an apportionment complaint and cross claim against the defendant, and the defendant was made a party to that action. The plaintiff later withdrew his action against the corporation and commenced the present action against the defendant.

The defendant moved to strike the complaint, arguing that the task of plowing and sanding the parking area constituted a discretionary governmental function, and, therefore, that it was entitled to governmental immunity. The trial court agreed and granted the motion.[7] The court noted that the plaintiff did not allege the existence of any written directive dictating precisely how the defendant should conduct its snow removal and sanding activities. Rather, the plaintiff merely alleged that the defendant exercised poor judgment in sanding and plowing the parking area. Therefore, relying on our decision in *Violano* v. *Fernandez*, 280 Conn. 310, 323–24, 327–28, 907 A.2d 1188 (2006), the court found that the defendant's actions were not ministerial, but instead were discretionary under § 52-557n (a) (2) (B).

The trial court also rejected the plaintiff's claim that the defendant was not entitled to governmental immunity under the identifiable person, imminent harm exception for discretionary acts, determining that the exception did not apply in an action brought solely against a municipality. After the court granted the motion to strike and the plaintiff failed to replead, the court rendered judgment in favor of the defendant. This appeal followed.[8]

On appeal, the plaintiff argues that the identifiable person, imminent harm exception applies to both municipal employees and municipalities. This court recently decided this exact issue in *Grady* v. *Somers*, supra, 294 Conn. 348.

The facts in *Grady* are similar to the facts of this case. In *Grady*, the plaintiff town resident was injured

---

[7] The trial court initially had denied the motion to strike, but ultimately granted the motion after reargument.

[8] The plaintiff appealed to the Appellate Court from the judgment of the trial court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

when he slipped on a patch of ice on the ground while disposing of a Christmas tree at a transfer station maintained and operated by the defendant town. Id., 328. The plaintiff brought an action against the town, claiming that it had been negligent in its failure to sand and salt the icy area where he fell. Id., 329. The plaintiff did not name any individual municipal employees as defendants. Id. Thereafter, the trial court granted the defendant's motion for summary judgment, concluding that the plaintiff's allegations could not overcome the town's governmental immunity because the identifiable person, imminent harm exception to governmental immunity did not apply in an action brought directly against a municipality. Id., 329–30. On appeal, we held that "the identifiable person, imminent harm common-law exception to municipal employees' qualified immunity . . . applies in an action brought directly against [a] municipalit[y] pursuant to § 52-557n (a) (1) (A), regardless of whether an employee or officer of the municipality also is a named defendant." Id., 348.

In the present case, the trial court held that the identifiable person, imminent harm exception to governmental immunity was not applicable in an action brought solely against a municipality pursuant to § 52-557n. In light of our recent decision in *Grady*, we conclude that the trial court improperly granted the defendant's motion to strike on the ground that, as a matter of law, the identifiable person, imminent harm exception to governmental immunity for discretionary acts could not apply to the plaintiff's claim.[9]

The judgment is reversed and the case is remanded to the trial court for further proceedings according to law.

In this opinion the other justices concurred.

---

[9] We express no view as to whether the plaintiff's allegations, if taken as true, are legally sufficient to satisfy the criteria required to overcome governmental immunity, namely, whether the plaintiff is a member of the class of persons subject to the identifiable person, imminent harm exception.