## Luva M. Baker *v.* Howard S. Ives, Highway Commissioner, et al.

House, C. J., Thim, Shapiro, Loiselle and O'Sullivan, Js.

Argued November 4, 1971—decided January 26, 1972

*Robert L. Trowbridge,* with whom were *James T. Healey* and, on the brief, *Edward F. Rosenthal,* for the appellant (named defendant).

*Richard A. Walsh,* with whom, on the brief, were *Joseph F. Skelley, Jr.,* and *William M. Shaughnessy,* for the appellee (plaintiff).

THIM, J.   The plaintiff brought this action to recover damages from the town of Portland, or in the alternative, the state highway commissioner, for injuries sustained in a fall allegedly caused by an accumulation of snow and ice.   At the conclusion of the evidence, both defendants made motions for directed verdicts.   The court granted the motion of the town of Portland, but denied that of the state highway commissioner.   Following a jury verdict for the plaintiff, the named defendant, hereinafter called the defendant, moved to set aside the verdict. The court denied the motion and from the judgment the defendant appealed to this court.

The complaint against the highway commissioner alleged a cause of action under the so-called defective highway statute.   General Statutes § 13a-144.[1]

The jury reasonably could have found the follow-

---

[1] "[General Statutes] Sec. 13a-144.   DAMAGES FOR INJURIES SUS-TAINED ON STATE HIGHWAYS OR SIDEWALKS.   Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk in the state highway system, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel . . . may bring a civil action to recover damages sustained thereby against the commissioner . . . and the amount of the judgment rendered therein shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state."

As the defendant correctly notes, the parties and the court refer to §§ 13a-144 and 13a-93, approved June 6, 1963, which were in effect at the time this action was brought rather than to their predecessors, §§ 13-87 and 13-143, which were in effect at the time of the accident.   Since the parties and the court proceeded under the statutes in effect at the time the action was brought and the outcome will not be affected in any way, we will also refer to the statutes in effect at that time in this opinion.

ing facts: On February 14, 1963, the plaintiff parked her automobile perpendicular to the sidewalk located in front of 285 Main Street (route 17A) in the town of Portland, in an area generally used for public parking. The plaintiff alighted from her car, walked toward the sidewalk, and, when she had reached a point approximately nineteen inches from the sidewalk, she was caused to fall due to an accumulation of unsanded snow and ice. Having walked very carefully, the plaintiff was in no way contributorily negligent. The area where the plaintiff fell is approximately thirty-four feet wide, is composed of dirt and grass, and is situated between the paved highway and the sidewalk. Vehicles travel over the grassy area and park all the way up to the sidewalk where two-hour parking is not only permitted but invited by parking signs placed there by the state. Route 17A is a paved state highway and was maintained at the time of the accident by the state highway commissioner. While the plaintiff fell within the boundaries of the state right-of-way line, the locus of the fall was about thirty-two feet from the edge of the paved state highway. A large tree was located approximately thirty-three inches from the sidewalk at the locus of the fall. There were no street or driveway encroachments onto route 17A for 200 feet south of the point of the fall or ten to fifteen feet north of that point. The ice on which the plaintiff fell was two to four inches thick and was at least two weeks old. In February, 1963, the state had at its disposal equipment capable of plowing, sanding and breaking up ice.

Although the defendant is the state highway commissioner, this action is, in effect, one against the state as a sovereign. *Donnelly* v. *Ives,* 159 Conn. 163, 166, 268 A.2d 406; *Murphy* v. *Ives,* 151 Conn.

259, 262, 196 A.2d 596; *Tuckel* v. *Argraves,* 148 Conn. 355, 357, 170 A.2d 895; *Anderson* v. *Argraves,* 146 Conn. 316, 319–20, 150 A.2d 295. It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued. *Donnelly* v. *Ives,* supra; *Murphy* v. *Ives,* supra; *Somers* v. *Hill,* 143 Conn. 476, 479, 123 A.2d 468; *Scranton* v. *L. G. DeFelice & Son, Inc.,* 137 Conn. 580, 585, 79 A.2d 600; *Anselmo* v. *Cox,* 135 Conn. 78, 80, 60 A.2d 767, cert. denied, 335 U.S. 859, 69 S. Ct. 132, 93 L. Ed. 405; *State* v. *Anderson,* 82 Conn. 392, 394, 73 A. 751; *State* v. *Kilburn,* 81 Conn. 9, 11, 69 A. 1028. The legislature waived the state's sovereign immunity from suit in certain prescribed instances by the enactment of § 13a-144. *Donnelly* v. *Ives,* supra; *Murphy* v. *Ives,* supra, 262–63; *Tuckel* v. *Argraves,* supra. "[T]he state's sovereign right not to be sued without its consent is 'not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by the use of express terms or by force of a necessary implication.' *State* v. *Kilburn,* . . . [81 Conn. 9, 11, 69 A. 1028]." *Murphy* v. *Ives,* supra. There being no right of action against the sovereign state at common law, the plaintiff must prevail, if. at all, under § 13a-144.

Section 13a-144 authorizes civil suits against the sovereign for injuries caused by "the neglect or default of the state . . . by means of any defective highway . . . in the state highway system." This statute affords a right of recovery similar to that against the municipalities under § 13a-149 and is subject to the same limitations.[2] *Pape* v. *Cox,* 129

---

[2] "[General Statutes] Sec. 13a-149. DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."

Conn. 256, 259, 28 A.2d 10; *Shirlock* v. *MacDonald,* 121 Conn. 611, 613, 186 A. 562; *Falkowski* v. *Mac-Donald,* 116 Conn. 241, 243, 164 A. 650; *Perrotti* v. *Bennett,* 94 Conn. 533, 542, 109 A. 890. For this reason, we have applied on occasion the rationale in cases involving statutory suits against municipalities under § 13a-149 to actions against the state highway commissioner under § 13a-144. *Donnelly* v. *Ives,* supra, 167; *Hay* v. *Hill,* 137 Conn. 285, 289, 76 A.2d 924.

The state is not an insurer of the safety of travelers on the highways which it has a duty to repair. Thus, it is not bound to make the roads absolutely safe for travel. *Chazen* v. *New Britain,* 148 Conn. 349, 353, 170 A.2d 891. Rather, the test is whether or not the state has exercised "reasonable care to make and keep such roads in a reasonably safe condition for the reasonably prudent traveler." *Donnelly* v. *Ives,* 159 Conn. 163, 167, 268 A.2d 406; *Bacon* v. *Rocky Hill,* 126 Conn. 402, 404, 11 A.2d 399; *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434; *Porpora* v. *New Haven,* 119 Conn. 476, 479, 177 A. 531; *Perrotti* v. *Bennett,* supra, 539. This duty of reasonable care extends to pedestrian travel as well as to vehicular traffic. *Hay* v. *Hill,* supra, 290, 292. "A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute. . . . To qualify, a plaintiff is not obliged to remain seated in a vehicle proceeding on the highway. . . . Reasonable latitude is allowed to meet the exigencies of travel." *Hay* v. *Hill,* supra, 289–90. Nor does the defect have to be on the actual traveled portion of the highway. "An early case recognized that a defect outside of the traveled path might give rise to an action against a town under the statute. The

accepted definition of such a defect reads as follows: 'Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway.' *Hewison* v. *New Haven,* 34 Conn. 136, 142." *Hay* v. *Hill,* supra, 288; see also *Donnelly* v. *Ives,* supra; *Hickey* v. *Newtown,* 150 Conn. 514, 518, 192 A.2d 199; *Horton* v. *MacDonald,* 105 Conn. 356, 361–62, 135 A. 442. Whether there is a defect in such proximity to the highway so as to be considered "in, upon, or near the traveled path" of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury, which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier. *Chazen* v. *New Britain,* supra; see *Linn* v. *Hartford,* 135 Conn. 469, 472, 66 A.2d 115; *Horton* v. *MacDonald,* supra, 361. It is also recognized that for purposes of recovery under § 13a-149 and § 13a-144, a highway can be considered defective, as claimed in the case at bar, by reason of ice or snow, depending, of course, on the circumstances and conditions. *Pape* v. *Cox,* 129 Conn. 256, 260, 28 A.2d 10; *Ritter* v. *Shelton,* 105 Conn. 447, 449, 135 A. 535; *Frechette* v. *New Haven,* 104 Conn. 83, 89, 132 A. 467. " '[I]n this rigorous climate the duty of cities and towns in respect to snow and ice is and must be very limited.' *Congdon* v. *Norwich,* 37 Conn. 414, 419. . . . '[I]n our climate, considerable latitude should be allowed municipalities in cases of this character. . . .' *DeCrosta* v. *New Haven,* 119 Conn. 344, 347, 176 A. 268." *Wadlund* v. *Hart-*

*ford,* 139 Conn. 169, 176, 91 A.2d 10; see also *Bazinet* v. *Hartford,* 135 Conn. 484, 487, 66 A.2d 117; *Campbell* v. *New Haven,* 78 Conn. 394, 396, 62 A. 665.

In the case at bar, the plaintiff left the paved portion of the state highway and drove onto what is essentially a thirty-four foot wide dirt and grass parking strip located between the paved portion of the highway and the sidewalk. After parking her car in this area she alighted from it and fell at a point approximately nineteen inches from the sidewalk to which she was walking. There was sufficient evidence to show that the ice was from two to four inches thick where the plaintiff fell and that the ice was at least two weeks old. There was no evidence that the state had at any time prior to this accident sanded or in any way employed such measures to remedy the hazardous condition.

This is not a situation where the plaintiff crossed an area not intended for pedestrian travel as in *Chazen* v. *New Britain,* 148 Conn. 349, 353, 170 A.2d 891. Here, the area in question was used as a parking area for the convenience of people shopping at the stores along the road. In fact, the public was "invited" to park there by the state. In the 1950's, the state highway department, after conducting an investigation concerning the feasibility of allowing parking at that area, recommended to the state traffic commission that parking signs be placed in front of 285 Main Street. In turn, the traffic commission authorized the highway commissioner to erect the signs and this was done. The plaintiff and the public in general were encouraged to use this area for parking and it was reasonably to be expected that after parking her car the plaintiff would cross the dirt and grass area to reach the sidewalk. The fact that the defective condition

was in an area which an occupant of an automobile was likely, and in fact encouraged, to use is an important consideration. In view of the location and nature of the ice and snow and the other circumstances present in this case, it was proper for the jury to conclude that the condition was a defect within the meaning of § 13a-144, thereby warranting a verdict for the plaintiff.[3]

The defendant's principal contention is that while the plaintiff's recourse is by an action brought under § 13a-144, the state's duty regarding snow and ice is restricted to clearing the "traveled portion" of the highway under § 13a-93.[4] The defendant argues that the locus of the plaintiff's fall was, as a matter of law, not within the "traveled portion" of the highway since the "traveled portion" consists only of the paved portion of the road and plaintiff fell thirty-two feet from the paved portion. The defendant assigned as error the failure of the court to define the meaning of "traveled portions of any completed highway" appearing in § 13a-93 and the court's failure to explain its usage in context with the evidence introduced at the trial. Rather than

[3] We emphasize that our decision today does not hold that the state has the duty to guard against defects such as snow and ice anywhere within the state highway right-of-way line. Our holding is that under the particular circumstances of this case the proximity of the defect to the paved portion of the highway in conjunction with the fact that the locus of the fall was in an area where occupants of vehicles were invited by the state to park their cars for the purpose of walking from their cars to the stores in the vicinity warrants the conclusion that this defect was "in, upon, or near the traveled path" so as to "obstruct or hinder one in the use of the road for the purpose of traveling thereon" (Chazen v. New Britain, 148 Conn. 349, 352, 170 A.2d 891), thereby allowing recovery under § 13a-144.

[4] "[General Statutes] Sec. 13a-93. SNOW REMOVAL FROM STATE HIGHWAYS. The commissioner shall remove the snow from the traveled portions of any completed state highway when the accumulation thereof renders such highway unsafe for public travel."

considering the locus as a matter of law, the court directed the jury to determine the question as one of fact. Having carefully analyzed § 13a-93 in relation to § 13a-144, we find the defendant's contentions to be without merit for the reasons hereinafter set forth.

As we mentioned earlier, § 13a-144 affords a right of recovery from the state similar to that given by § 13a-149 against municipalities. The word "defect" and its adjective "defective" constitute the basis upon which liability rests under § 13a-144 and § 13a-149. In interpreting these words we said in 1872, in a case interpreting a predecessor to § 13a-149, that "[t]he statute provides that if any person shall receive any injury in his person or property by means of any defective bridge or road, the town &c. shall be liable. It is silent in regard to the mode by which the defective condition of the road shall have caused the injury, and we think it makes no difference in principle what that mode is." *Young* v. *New Haven,* 39 Conn. 435, 442; see *Bacon* v. *Rocky Hill,* 126 Conn. 402, 406, 11 A.2d 399. Neither § 13a-144 nor its predecessors limit the scope of what may be considered a "defective" highway, bridge, or sidewalk. In determining legislative intent "[w]e cannot speculate upon any supposed intention not appropriately expressed in the language of the act itself." *Mad River Co.* v. *Wolcott,* 137 Conn. 680, 688, 81 A.2d 119; *Loew* v. *Falsey,* 144 Conn. 67, 72, 127 A.2d 67. We do not determine the intent of the legislature by what it meant to say, but in the meaning of what it actually did say. *Schwab* v. *Zoning Board of Appeals,* 154 Conn. 479, 482, 226 A.2d 506; *Connecticut Light & Power Co.* v. *Sullivan,* 150 Conn. 578, 581, 192 A.2d 545. There are no words or clauses in § 13a-144 limiting the

scope of what may be "defective" within the meaning of that statute. If the legislature wished to restrict the liability of the sovereign state under § 13a-144 to defects other than snow or ice, it could have done so. If this were the legislative intent, it has failed to express it. In addition, over the years we have had many occasions to pass on what constitutes a "defective" highway, road, bridge or sidewalk. As we have already pointed out, it can consist of ice and snow as well as other defects.

Nor do we find that the enactment of § 13a-93 was meant to restrict the extent of the state's duty concerning ice and snow. The predecessors to § 13a-93 authorized the state highway commissioner through either his department or through the town selectmen to clear snow off state roads at state expense. Section 13a-93 imposes a duty on the state to plow snow from the state highways but does not subject the sovereign state to tort liability to the public for the failure to do so. Nor does it restrict liability imposed by § 13a-144 when the alleged defect is ice and snow. If ice and snow are found by the trier of fact to be "defects" in the highway the defendant will be held liable even in the light of § 13a-93. Thus, as the defendant contends, the charge by the court to the jury was erroneous, but not for failing to define the meaning of "traveled portion" under § 13a-93, but rather, in mentioning that section in the first instance. The charge contained the bare language of § 13a-93 and reference to it was limited by pointing out that under the statute "the highway commissioner's duty with regard to snow and ice is a very limited one." When this is considered together with the court's discussion of § 13a-144, it can be construed only as being favorable to the state. We find the error harmless.

The defendant also claims that the plaintiff failed to introduce evidence from which the jury could find that the defendant had either actual or constructive notice of the alleged defect and the expiration of a sufficient period of time after notice to remedy the situation. It is the settled law of our state that "[i]n a case seeking recovery for damage from defects in a highway, it is a prerequisite of liability that the authority charged with maintenance shall have had either actual notice of the defect or constructive notice through its existence for such a length of time that it would have been known in the exercise of reasonable care, and a reasonable opportunity afforded to remedy it." *Shirlock* v. *MacDonald,* 121 Conn. 611, 613, 186 A. 562; see *Wadlund* v. *Hartford,* 139 Conn. 169, 172, 91 A.2d 10; *Pape* v. *Cox,* 129 Conn. 256, 259, 28 A.2d 10; *Falkowski* v. *MacDonald,* 116 Conn. 241, 243, 164 A. 650; *Ritter* v. *Shelton,* 105 Conn. 447, 450, 135 A. 535. It is also settled law that the notice must be of the particular defect itself which caused the injury and not merely notice of the conditions naturally productive of the defect and in fact producing it. *Pape* v. *Cox,* supra, 259, 260; *Jainchill* v. *Schwartz,* 116 Conn. 522, 525, 165 A. 689; *Aaronson* v. *New Haven,* 94 Conn. 690, 696, 110 A. 872; *Carl* v. *New Haven,* 93 Conn. 622, 628, 107 A. 502. In the case at bar, no claim was made, nor was evidence produced, to show that the defendant had actual notice of the icy condition. If the plaintiff is to prevail, evidence had to be introduced to show that the ice was at the locus of the fall for a sufficient period of time so that the condition should have been discovered had the state exercised reasonable supervision over its highways as a whole. *Meallady* v. *New London,* 116 Conn. 205, 209, 164 A. 391.

The only testimony as to the length of time the area had been in an icy condition was that of Alexander Chapman, a registered safety engineer. He testified on direct examination that on February 16, 1963, two days after the plaintiff sustained her injuries, he inspected the area and found that from the paved portion of the highway up to within one foot of the edge of the sidewalk was covered with rough ice. The ice had been formed from snow compacted by people walking on it and eventually turning to ice. The ice was old and varied in thickness from two to four inches, the four-inch thickness being particularly noticeable adjacent to the sidewalk. He further testified that it was his opinion that the ice was at least two weeks old. Having consulted weather reports issued by the United States government he found that in the two-week period just prior to the accident, there was not sufficient precipitation to have caused the forming of ice at least three to four inches thick in the area. He also concluded that the area was very hazardous for persons to walk. It was brought out in detail on cross-examination that on February 12, two days before the accident occurred, ninety-eight hundredths of an inch of precipitation had fallen. About 80 percent of this precipitation was rain and the rest was snow. This small amount, however, could not account for the two- to four-inch layer of ice. On redirect examination the witness stated that in his opinion the ice had been there since the precipitation of February 12 and when asked by counsel whether the ice had been there prior to that time he answered: "I can't say that, sir. I cannot say how much ice was there prior to the twelfth, because of the precipitation we have [sic] on the twelfth. This would—I now couldn't tell you what ice was there prior to the

twelfth, or whether it was just snow and compacted snow."

Whether or not the defect had existed for a length of time sufficient to constitute constructive notice is a question of fact for the jury and unless the period of time is such that but one conclusion could be found, its determination should be left to the trier. *Scoville* v. *West Hartford,* 131 Conn. 239, 243, 38 A.2d 681; *Frechette* v. *New Haven,* 104 Conn. 83, 94, 132 A. 467. From the testimony presented and an analysis of photographic exhibits, all but one being accurate representations of the area in question, the jury could have found: That at least two weeks prior to the plaintiff's fall there existed at the locus of the fall ice or compacted snow with a thickness of from two to four inches; that during that two-week period there had been no appreciable precipitation to account for that amount of snow or ice; that at least by February 12, due to light precipitation, the compacted snow, if it had not already done so, turned into treacherous ice, posing a great hazard to pedestrian travelers; that the locus of the fall was in an area of commercial activity as opposed to a rural area; that the locus of the fall was not secluded, but rather was fairly conspicuous; and that the condition amounted to a defect within the meaning of § 13a-144, for which the state was liable to the plaintiff. From the evidence presented to the trier of fact, we cannot say as a matter of law that the trier was legally obligated to find that the defendant did not have constructive notice of this hazardous condition, be it ice or compacted snow which eventually turned to ice.

There is no error.

In this opinion the other judges concurred.