[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #146
This is an action by plaintiff, a minor child brought by her father and next friend who also sues individually. The defendants include the Commissioner of the Department of Transportation (hereinafter the state). The actions against the state have been brought under General Statutes 13a-144.
The claims of liability against the state are set forth in the second count. The sixth count is also directed against the CT Page 4129 state. Paragraph five of the second count alleges that the event out of which this action arose took place on the sidewalk at the southwest corner of New Britain Avenue and Newington Avenue. The sixth paragraph alleged that the minor was walking along said sidewalk in a westerly direction when she was caused to fall heavily to the ground. The seventh paragraph alleges that the area of the street immediately adjacent to the sidewalk was at the time in question and for a long time prior thereto covered with ice and snow and was in a slippery and defective and dangerous condition.
The thrust of plaintiff's claim against the state as set forth in the ninth paragraph appears to be that the state breached its statutory duty by allowing snow and ice to accumulate in the street adjacent to the sidewalk, upon which the minor was walking in such a manner as to render pedestrian traffic hazardous and dangerous.
The pleadings having been closed, defendant, state, has moved for summary judgment. On motion for summary judgment, the court is required to render judgment forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Conn. Prac. Bk. 384.
This action has been brought against the state under the provisions of General Statutes 13a-144. This statute, as applied here, allows an action against the state where a person is injured through neglect of the state or any of its employees by means of any defective highway which it is the duty of the Commissioner of Transportation to keep in repair. Since no right of action exists at common law to bring an action against the state, the burden is on the plaintiff to allege the facts necessary to bring him, or herself, within the terms of the statute. 95, Wright and Fitzgerald, 2nd Ed.
The documents submitted here indicate that at trial it could be proven that ice and snow existed in the area in question and that the minor plaintiff fell as a result of this condition as she was stepping from the traveled portion of the highway to the sidewalk.
Any object, which could include ice or snow, in, upon or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling therein or from which, from its nature and position, would likely produce that result, would generally constitute a defect in the highway. Baker v. Ives, 162 Conn. 295, 300 (1972). In Baker liability was imposed on the state, under the statute, CT Page 4130 where the injuries resulted from an accumulation of ice and snow in an area between the traveled portion of the highway and the sidewalk.
Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury the party moving for summary judgment is held to a strict standard and must make a showing that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of a genuine issue of material fact. Town Bank and Trust Co. v. Benson, 176 Conn. 304,306.
On the question as to whether or not the state was maintaining or had a duty to maintain the highway in the area of the fall, the evidence is in conflict. Although the better evidence supports the state's position, on a motion for summary judgment it is not the function the court to resolve questions of material fact but to determine if such exist.
Here it must be found that questions of material fact do exist and defendant state is not entitled to judgment as a matter of law.
Accordingly, the motion for summary judgment is denied.
PURTILL, J. CT Page 4131
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4132
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4133
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 4134