[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for damages incurred when the plaintiff slid off an icy road on Route 44 in the Town of CT Page 6349 Pomfret on December 15, 1991 (Sunday). The action is brought under the provisions of 13a-144 of the Connecticut General Statutes which impose liability on the part of the State for a breach of the duty created by the statute.
Both parties in their respective briefs set forth the elements required by 13a-144 in order for the plaintiff to prevail, which elements are as follows:
1. The existence of a defect on a state highway;
2. that the defendant received actual notice or constructive notice of the defect;
3. that the defendant had a reasonable opportunity to remedy the defect; and
4. that the "defective highway" was the sole proximate cause of the claimed injuries. (In this case it is damage to the plaintiff's automobile).
Both parties are in agreement as to the applicable law. The issue for the court is to determine whether or not the plaintiff has sustained the burden of proof in regard to the four elements set forth above.
At the trial the plaintiff testified that at about 9:30 a.m. on Sunday, December 15, 1991, while traveling east bound on Route 44, he entered a curve near SNET Company pole #2487, which curve was covered with glare ice and snow. No salt or sand had been placed on this section of the road. His truck went into a skid, struck the utility pole on the southerly side of the road and then travelled across the road striking a guard rail on the northerly side. Damage to the plaintiff's truck includes damages to the tail gate, tail gate window, rear bumper, right and left quarter panels, for a total damage of $1,948.28. The plaintiff submitted a paid bill for repairs in that amount.
Shortly after the accident occurred a D.O.T. highway maintenance truck driven by Les Harvey arrived and Mr. Harvey stopped to see if the plaintiff was all right. Mr. Harvey stated to the plaintiff that he had double runs to do that morning and because of that duty he was unable to sand the area in question before the accident occurred. CT Page 6350
Based upon the above stated testimony the court finds that on that particular morning a defect on the highway in the nature of glare ice and snow did exist and that by admissions in the pleadings the road in question was a state highway. There was some additional testimony from the plaintiff that shortly after his accident another vehicle traveling in the same direction also went off the road and struck a stop sign.
The second element required evidence that the defendant received actual notice or constructive notice of the defect. The plaintiff offered the testimony of Richard Bernier, General Supervisor of the D.O.T. for the Pomfret area. He testified that at about 6:00 a.m. he received a call from the State Police that there were snow squalls in the Woodstock/Eastford area. He directed that two trucks be placed on the road. At 6:45 a.m. he received another call that there was general snow cover over the entire area and Mr. Bernier then authorized two more trucks to go out on sanding duty. He further testified that there was 120 miles of road in his area of responsibility and that the average run took approximately two hours. By calling in only four drivers the runs had to be "doubled up". Mr. Harvey also testified that he had observed the area in question at 7:00 a.m. and that area did need sanding. Mr. Harvey further testified that all the sanding was completed at about 11:30 a.m., four hours after the four drivers came on duty.
It is the claim of the plaintiff that the State had both actual and constructive notice of the claimed defect. If the defendant called in six drivers the plaintiff claims that the area in question would have been sanded and salted by 9:30 a.m.
In response to this claim, the defendant claims that the plaintiff must prove that the defendant had actual or constructive notice of the very defect which he claims caused the damage and not merely notice of condition naturally productive of the defect and in fact producing it. Baker v. Ives,162 Conn. 295, 305 (1972) and other cases cited in defendant's brief.
In the present case, the plaintiff has shown no evidence that the defendant had any actual notice of the claimed CT Page 6351 defect on Route 44 where the accident occurred. The only call received by the State Police regarding slippery conditions was regarding a different area, i.e. Woodstock and Eastford in the northwest corner of the district. There is no evidence to show when the snow began in Pomfret, how long it snowed, or when it eventually stopped. There is no way to determine whether the claimed defect was there for a sufficient period of time to allow the defendant to discover it.
The mere fact that there was some snow on the roadways through the district does not indicate that the D.O.T. should have been aware that the road at the site of the accident was slippery and that enough time had elapsed that the D.O.T. should have discovered it.
For all of the above stated reasons, the court finds that the plaintiff has failed to prove either notice or constructive notice and judgment must enter in favor of the defendant, plus costs.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT