[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE OF DEFENDANT, TOWN OFWALLINGFORD
INTRODUCTION
This case concerns an alleged fall by the plaintiff on CT Page 13650 land described in the complaint as a "tree belt between the public sidewalk and the tree curb" (the "tree belt") on which, it is alleged, the defendant Southern New England Telecommunications Corporation ("SNET") "installed, controlled and/or maintained a partially sunken telephone utility box" which was in a "dangerous and defective condition." It is also alleged that the defendant Town of Wallingford ("Town") "owns, maintains and controls the public sidewalk" and the tree belt. (While not, expressly alleged, it can fairly be inferred that the "public sidewalk" and the tree belt are contiguous.)
The complaint is in four counts: the first and second sound in negligence against, respectively, SNET and the Town; the third and fourth sound in nuisance against, respectively, SNET and the Town.
DISCUSSION
The Town has moved to strike the second and fourth counts on the ground that § 13a-149 of the General Statutes (all further section references are to the General Statutes) provides the "exclusive means of recovery against a municipality for damages resulting from injury by means of a defective road or sidewalk." That § 13a-149 provides the exclusive remedy for such an injury was recently restated by our Supreme Court, inMartin v. Town of Plainville, 240 Conn. 105 (1997), as follows:
 Under the common law, municipalities enjoyed immunity for injuries caused by defective highways. This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway. Section 13a-149 provides the exclusive remedy for a person seeking redress against a municipality for such injuries. (Citations omitted.) Id., at 109.
Section 13a-149 states, in relevant part:
 Any person injured in person or property by means of a defective road . . . may recover damages from the party bound to keep it in repair.
From the opinion in Martin and the language of § 13a-149, the issue on this motion is whether, construing the allegations CT Page 13651 of the complaint in the light most favorable to the plaintiff, the utility box alleged in the complaint must fall, as the Town argues, within the penumbra of "road" as that word is used in § 13a-149, so that § 13a-149 is the sole remedy against the Town for the alleged defect, to the exclusion of negligence and nuisance.
The Town relies largely on Baker v. Ives, 162 Conn. 295
(1972), which concerned a claim against the state highway commissioner under § 13a-144 for an alleged highway defect. In acknowledging the similarity between the obligations of the state under § 13a-144 and those of a municipality under §13a-149, the Baker court noted:
 . . . we have applied on occasion the rationale in cases involving statutory suits against municipalities under 13a-149 to actions against the state highway commissioner under 13a-144. (Citations omitted.) Id., at 299.
Relying on the rationale of Baker and the cases cited therein, the precedents regarding the liability of the state highway commissioner under § 13a-144 are found to be applicable to this case.
In Baker, the claimed defect was located approximately 32 feet from the edge of the paved state highway and approximately 19 inches from a public sidewalk (which apparently was not maintained by the state), at a point within the state's right-of-way (apparently dedicated to highway purposes). Therefore, the alleged defect in Baker was at a point between the highway and the sidewalk, as the utility box which is the subject of this case is alleged to have been.
The Baker court then observed that a municipality may be liable for a defect which is not on the traveled portion of the highway, as follows:
 Nor does the defect have to be on the actual traveled portion of the highway. "An early case recognized that a defect outside of the traveled path might give rise to an action against a town under the statute. The accepted definition of such a defect reads as follows: `Any object in, upon, or near the traveled CT Page 13652 path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway.'" (Citations omitted.) Id., at 299-300.
Finally, the Baker court declared that the determination whether a defect which is close to, but not on, the traveled portion of the highway comes within a statute creating state or municipal liability for highway defects is a factual issue, as follows:
 Whether there is a defect in such proximity to the highway so as to be considered "in, upon, or near the traveled path" of the highway must be determined on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury, which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier. (Citations omitted.) Id., at 300.
Thus, Baker holds that a complaint may allege statutory liability on the state or a municipality for a defect which is close to, but not on, the traveled portion of a highway, and that it is then for the trier of facts to determine whether the proximity of the alleged defect to the traveled portion of the highway is such as to create liability. Therefore, if the complaint in this case alleged the required proximity and sought to impose liability on the Town, the Court could not determine the issue of required proximity as a matter of law, and that determination would be left to trial. Because, if the complaint contained an allegation of the required proximity, the court could not determine required proximity as a matter of law, the court certainly cannot find, as a matter of law, required proximity in the absence of such an allegation.
CONCLUSION
Because the complaint does not contain an allegation that the sunken telephone utility box was so close to the traveled portion of the road as to be, necessarily, or even likely, a hindrance to CT Page 13653 one using the road, the court cannot, as a matter of law, make such a determination. Because the court cannot hold, as a matter of law, that the alleged sunken telephone utility box was within the required proximity to the traveled portion of the road, the court cannot hold, as a matter of law, that § 13a-149 applies to this case. Therefore, the Town is left to raise the issue of the exclusivity of § 13a-149 as a remedy for the alleged defect as a special defense, which will require the trier of facts to determine the issue of required proximity.
The motion to strike is denied.
George Levine, Judge