[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#101)
The plaintiff brought this action for damages pursuant to General Statutes § 13a-144,[1] for personal injuries which arose out of her falling on ice in the "VIP" parking lot at Bradley International Airport. The defendant moved to dismiss for lack of subject matter jurisdiction, claiming that the airport parking lot is not part of the state highway system, and thus, the doctrine of sovereign immunity bars this action. For the reasons that follow, I deny the motion to dismiss. CT Page 9010
 I.
The plaintiff brought this claim against the defendant, J. William Burns, commissioner of the department of transportation, State of Connecticut (commissioner), alleging a slip and fall in the VIP employee parking lot on the east side of Terminal A at Bradley International Airport. She further alleges that she was caused to slip and fall by the slippery and icy condition of the parking lot. The plaintiff also alleges that the parking lot is part of the state highway system under the responsibility of the commissioner. The plaintiff timely gave the statutory § 13a-144
notice to the commissioner. In her complaint dated January 11, 1999, the plaintiff brought this action under the defective highways statute, General Statutes § 13a-144. See footnote 1. The commissioner moved to dismiss on the ground that the parking lot is not part of the highway system. In support of the motion to dismiss the commissioner filed two affidavits of Richard J. Jaworski, an engineer employed by the state. The affidavits assert that the VIP parking lot where the plaintiff fell is not a part of the state highway system or within the boundaries of a right-of-way of the highway and that the bureau of aviation and ports which allegedly controls the parking lot never requested that the commissioner maintain it.
 II.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the CT Page 9011 complaint." (Citation omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000
(1988).
 III.
Pursuant to General Statutes § 13a-144, the state has waived its immunity to suit for injuries sustained on state highways or sidewalks. "Section 13a-144 constitutes only a limited waiver of the state's sovereign immunity in cases involving alleged highway defects. . . . Furthermore, because the statute constitutes a break with common law, it must be strictly construed." (Citation omitted.) Lussier v. Department of Transportation, 228 Conn. 343,349, 636 A.2d 808 (1994). "A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute. . . . To qualify, a plaintiff is not obliged to remain seated in a vehicle proceeding on the highway. . . . Nor does the defect have to be on the actual traveled portion of the highway." (Citation omitted; internal quotation marks omitted.) Baker v. Ives, 162 Conn. 295,299-300, 294 A.2d 290 (1972). Rather, the question is whether the defect is "in, upon, or near the traveled path of the highway." (Internal quotation marks omitted.) Id., 300. This question must be resolved "on a case-by-case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for the jury. . . ." Id.
In Baker v. Ives, the plaintiff brought a claim for a fall that occurred in a grass and dirt parking area adjacent to a state highway. The parking area was used for the convenience of people shopping at the stores located along the road. See Bakerv. Ives, supra, 162 Conn. 301. The court relied on the facts that the public was invited to park there by the state, the defective condition was located in an area that a driver or passenger was likely to use, and the snow and ice had not been removed for weeks in finding that the parking lot fell within the protection of § 13a-144. Id., 301-02. Recently, the Connecticut Supreme Court reviewed another case involving a parking lot. See Serranov. Burns, 248 Conn. 419, ___ A.2d ___ (1999). In Serrano the plaintiff brought a claim for a slip and fall in the parking lot of a rest area between exits 19 and 20 of route 91 in Middletown. See id., 422. The court found error in the trial court's dismissal of the plaintiff's claim because the trial court did not find that the plaintiff did not fall within the state right-of-way line. Id., 427 n. 7. CT Page 9012
Here, the plaintiff has alleged in her complaint that the parking lot is a part of the state highway system. The commissioner has filed an affidavit by a state engineer in support of the motion to dismiss which states that the location of the plaintiff's fall was not within the state highway system. That averment is conclusory in light of the analyses of Baker andSerrano. "[Section] 13a-144 applies to `defect[s] in such proximity to the highway so as to be considered "in, upon, or near the traveled path". . . ." Id., 429, quoting Baker v. Ives, supra, 162 Conn. 300. This is especially so in relation to the parking lot at issue here, which the state specifically invites travelers to the airport to utilize. Moreover, the parking lot is clearly a terminus of the state controlled highways and roads leading to its airport.
Despite the fact that the defendant has submitted two affidavits in support of the motion to dismiss, several questions of fact remain. For example, the record before the court does not reveal where the plaintiff fell in relation to the nearest state highway. "[A]ffidavits are insufficient to determine the facts unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.) Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56.459 A.2d 503 (1983). There is nothing in the record to determine "the location of the parking lot and its relative distance to the traveled portion of the highway." Serrano v. Burns, supra,248 Conn. 428 n. 8. The plaintiff has not requested an evidentiary hearing on this matter. See id. On the state of this record, the court cannot find that the defect was not "in such proximity to the highway so as to be considered in, upon, or near the traveled path. . . ." (Internal quotation marks omitted.) Id., 429.
The defendant's affidavits further assert that the bureau of aviation and ports, and not the department of transportation, is the agency having jurisdiction over the area in question. The commissioner is not responsible under § 13a-144 for defects occurring in an area over which a different state agency has jurisdiction unless that agency has requested that the commissioner maintain that area under § 13b-30.[2] In the present case, the commissioner disingenuously asserts that he cannot be held liable under § 13a-144 because the bureau of aviation and ports has not requested that the department of transportation maintain the parking lot under § 13b-30. The court takes notice, however, that the bureau of aviation and ports is a CT Page 9013 subagency of the department of transportation. See Connecticut State Register and Manual, 1997, p. 286. Further, as a state airport, Bradley International Airport is "owned and operated by the Connecticut [d]epartment of [t]ransportation." Regs., Conn. State Agencies § 15-41-43a (h).
It is a well established rule "that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged," (Internal quotation marks omitted.) Amodio v. Amodio, 247 Conn. 724, 728, 724 A.2d 1084
(1999).
In Serrano v. Burns, supra, 248 Conn. 429, the court said, ". . . [F]acts showing that highway travelers are invited by the state to use a rest stop along the highway may establish that the use of such an area is so closely related to travel upon the highway that such an area is part of the state highway system. We see no significant difference between an area within the state right-of-way line that is adjacent to the traveled portion of a highway, and to which, as in Baker, the travelers are invited by the state, and an area that is away from the traveled portion of the highway, which otherwise fits the factors set out in Baker." (emphasis in original).
I too perceive no significant difference between the state controlled parking areas that were considered in Baker andSerrano, and the airport parking lot, which is an integral and seamless component of the state highway system serving the airport.
Accordingly, in light of Baker and Serrano, I conclude that the record presented is insufficient to find as a matter of law that the parking lot is not embraced by § 13a-144, and the question of whether the plaintiff is entitled to recover under §13a-144 must be left for another day. Therefore, the motion to dismiss is denied.
Teller, J.