[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff Anna E. Schmid filed the present action against the defendants the town of Darien and Robert Steeger, director of the department of public works for the town of Darien, alleging that she sustained personal injuries as the result of a slip and fall in a municipal parking lot. Her three count complaint alleges that she is entitled to recovery from the town of Darien based upon the negligence of Steeger, a municipal employee, pursuant to General Statutes § 7-465,[1] and negligence and nuisance by the town of Darien pursuant to General Statutes § CT Page 261252-557n.[2] The defendants filed a motion to dismiss claiming that this court lacks subject matter jurisdiction over the present matter because the plaintiff failed to give proper notice pursuant to General Statutes § 13a-149,[3] and improperly commenced this action under the wrong statutes.
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Citations omitted; internal quotation marks omitted.)Beizer v. Department of Labor,56 Conn. App. 347, 361-62, ___ A.2d ___ (2000).
The defendants claim that the plaintiff failed to provide proper notice pursuant to General Statutes § 13a-149. "As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof." (Citations omitted.) Martin v. Plainville, 240 Conn. 105, 109,689 A.2d 1125 (1997). The defendants have attached a copy of the notice sent to the town of Darien as Exhibit D of their memorandum in support of the motion to dismiss. Neither party has argued concerning the adequacy of the notice provided to the town of Darien. Upon this court's examination of Exhibit D, the plaintiff stated that she intended to commence an action pursuant to General Statutes § 7-465. However, it appears that the plaintiff complied with the five essential elements enumerated in General Statutes § 13a-149. Therefore, this court is content that the notice attached as Exhibit D complies with all statutory requirements. See Pratt v. Old Saybrook, 225 Conn. 177, 184,621 A.2d 1322 (1993) (holding notice adequate despite reference to the wrong statutory section).
The defendants also contend that the plaintiffs fall actually occurred in the driveway to the municipal parking lot, not the CT Page 2613 parking lot. Therefore, the defendants claim that the plaintiff commenced this action improperly pursuant to General Statutes §§ 7-465 52-557n when the action should have been brought pursuant to General Statutes § 13a-149, the highway defect statute. In the alternative, the defendants argue that even if the court concluded that the fall occurred in the parking lot, General Statutes § 13a-149 was the exclusive remedy for the plaintiff.
First, this court will consider whether the doctrine of sovereign immunity bars the present action. "Where a court's jurisdiction arises solely from a statutory waiver of sovereign immunity, the statutory provisions must be strictly construed. . . . Accordingly, where a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case. . . . [T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citations omitted; internal quotation marks omitted.) Novicki v. New Haven,47 Conn. App. 734, 739, 709 A.2d 2 (1998).
The Connecticut Supreme Court has stated that it construes General Statutes § "52-557n to provide that an action under the highway defect statute, [General Statutes §] 13a-149, is a plaintiffs exclusive remedy against a municipality or other political subdivision for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 192, 592 A.2d 912 (1991). "Any object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result, would generally constitute a defect in the highway." Baker v. Ives,162 Conn. 295, 300, 294 A.2d 290 (1972). The determination of whether something constitutes a defect "in, upon, or near the traveled path" is generally a question of fact for the jury which will not be disturbed unless the conclusion is one that could not reasonably be reached by the trier of fact. See Serrano v. Burns,248 Conn. 419, 426, 727 A.2d 1276 (1999); Baker v. Ives, supra, 300. The plaintiff has alleged that the defendant municipality is liable to the plaintiff based upon General Statutes §§ 7-465
and 52-557n, not General Statutes § 13a-149. All of these statutory provisions have abrogated sovereign immunity. See CT Page 2614Williams v. New Haven, 243 Conn. 763, 767-69, 707 A.2d 1251
(1998). Since this court must indulge every presumption favoring jurisdiction; see Beizer v. Department of Labor, supra,56 Conn. App. 361-62, the court assumes that a jury would find that the plaintiffs cause of action did not arise out of a highway defect. Therefore, this court has subject matter jurisdiction because sovereign immunity has been waived.
Having concluded that General Statutes §§ 7-465 and 52-557n
have waived sovereign immunity, this court will not consider the defendants' arguments in its memorandum of law in support of the motion to dismiss any further. "A ruling on a motion to dismiss is used to assert jurisdictional flaws that appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether a complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) VillagePond, Inc. v. Darien, 54 Conn. App. 178, 182, 734 A.2d 1031
(1999). In essence, the defendants argue that the plaintiff does not state a legally sufficient cause of action because her injury occurred on a defective highway, and her exclusive remedy is pursuant to General Statutes § 13a-149. Since these arguments do not attack the jurisdiction of this court, the motion to dismiss is denied.
So Ordered.
D'ANDREA, J.