[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#107)
 FACTS
On April 4, 2001, the plaintiff, Barbara Casey, filed a three count complaint alleging that she was injured on March 1, 2000, when she tripped and fell over an elevated manhole cover embedded in a sidewalk along the west side of Huntington Street in New London. In count one, the plaintiff alleges that the defendant, city of New London, is liable to the plaintiff under General Statutes § 13a-149[1] because the plaintiff was injured by a defect on a city sidewalk. In count two, the plaintiff alleges that the defendant, James F. Sullivan, commissioner of the Connecticut department of transportation (state), is liable to the plaintiff under General Statutes § 13a-144[2] because the defect existed in a sidewalk alongside a state highway. In count three, the plaintiff alleges that the defendant, 13-15 Broad Street, LLC., is liable to the plaintiff because its officers, agents, servants and/or employees controlled the sidewalk and negligently failed to repair the defect and/or warn the plaintiff of the defect. The plaintiff further alleges that she has provided notice to the city and state as is required by General Statutes §§ 13a-149 and 13a-144.
On June 7, 2001, the state filed a motion to dismiss count two on the ground the court lacks subject matter jurisdiction because the plaintiff's claim against the state is barred by the doctrine of sovereign CT Page 13468-ao immunity. On July 30, 2001, the plaintiff filed a memorandum in objection to the state's motion to dismiss. Oral argument was heard on the motion on August 20, 2001.
 DISCUSSION
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Olson v.Accessories Controls Equipment Corp., 54 Conn. App. 506, 528,735 A.2d 881, aff'd, 254 Conn. 145, 757 A.2d 14 (2000). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . Altfeter v. Naugatuck 53 Conn. App. 791, 797, 732 A.2d 207
(1999); Practice Book § 10-31(a). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."Hartford v. Pan Pacific Development (Connecticut), Inc., 61 Conn. App. 481,484, 764 A.2d 1273, cert. denied, 256 Conn. 913, 772 A.2d 1126 (2001).
The state moves to dismiss count two on the ground the court lacks subject matter jurisdiction over this defendant because the plaintiff's claim is barred by the state's sovereign immunity. Specifically, the state argues that the sidewalk on which the plaintiff was allegedly injured is not apart of the state highway system and, therefore, the state may not be held liable for her injuries under General Statutes § 13a-144. In support of its motion, the state has submitted an affidavit from Wayne McAllister, the maintenance director for the department of transportation in the New London area. In his affidavit, McAllister states that the "complained of manhole cover on the sidewalk is not a part of the [s]tate highway system which the [c]ommissioner has a duty to repair." (May 29, 2001, McAllister Affidavit).
The plaintiff argues that the state's motion to dismiss should be denied because whether the state has a duty to maintain and repair a sidewalk existing alongside a state highway is a question of fact for the jury.[3] In support of her objection, the plaintiff has submitted a map which indicates that Huntington Street is a part of the state highway system and an affidavit from Thomas Flood, an investigator retained by CT Page 13468-ap the plaintiff, that states that there is public parking on the west side of the state highway adjacent to where the accident occurred. (July 27, 2001, Flood Affidavit). The plaintiff has also submitted an interdepartmental memo from Tom Londregan, director of law for the city of New London, which was addressed to Edward Steward, director of public works for the city of New London, that states that the manhole cover allegedly causing the injury was upside down and that the manhole contains a junction box connecting a privately owned property to the state storm drainage system.
In Baker v. Ives, 162 Conn. 295, 300, 294 A.2d 290 (1972), the Court assessed a claim for a highway defect under General Statutes § 13a-144
and stated: "Whether there is a defect in such proximity to the highway so as to be considered "in, upon, or near the traveled path of the highway' must be determined on a case-by-case basis after proper analysis of its own particular circumstances, and is generally a question of fact for the jury. . . ." In Baker, the Court upheld a jury verdict against the state for an injury resulting from a highway defect, consisting of snow and ice on a sidewalk, existing thirty-two feet from the edge of the paved highway. Id., 307.
The plaintiff has pleaded that she was injured because of a defect existing on a sidewalk located next to a state highway. The McAllister affidavit alone is insufficient to establish that the state's sovereign immunity has not been waived by General Statutes § 13a-144 for the injuries the plaintiff has suffered. Whether the manhole cover was a defect located so close to the state highway so "as to be considered in, upon, or near the traveled path" is a question of fact for the jury. Bakerv. Ives, supra, 162 Conn. 300. Therefore, the state's motion to dismiss is denied.
Robaina, J.