[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Melody Nelson, a school bus driver in the employ of Ryder Student Transportation, slipped and fell on January 27, 2000, while alighting from her vehicle in a parking lot to the rear of the board of education administration building in the city of Bristol. After allegedly providing the defendant city with statutory notice pursuant to General Statutes § 13a-149[1], the highway defect statute, the plaintiff filed this suit seeking damages for personal injuries. The defendant now moves for summary judgment on two grounds. First, the defendant asserts that the plaintiff has sued the wrong party and should have sued the board of education of the city of Bristol. Second, the defendant contends that the accident did not take place on a "roadway" within the meaning of § 13a-149.
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Honan v. Greene, 537 Conn. App. 137, 140, 655 A.2d 274 (1995). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433, 362 A.2d 857 (1975).
This court agrees with the defendant that the plaintiff has sued the wrong party. In Novicki v. New Haven, 47 Conn. App. 734, 740, 709 A.2d 2
(1998), our Appellate Court upheld the dismissal of an action wherein the plaintiff, after falling on a side walk, sued the city of New Haven rather than the New Haven board of education, which the defendant's affidavits established was the party bound to keep the side walk in repair. See General Statutes § 13a-149. The affidavit of Ronald H. Smith, CT Page 3802 director of public works for the city of Bristol, indicates that the board, not the city, was responsible for the maintenance of the parking lot where the plaintiff fell. Where a plaintiff brings a claim pursuant to § 13a-149 and the defendant establishes, by affidavit, that it was the duty of another party to maintain the roadway, "it [is] incumbent on the plaintiff to dispute the facts contained within [those] affidavits. . . . If the plaintiff fails to do so, the action should be dismissed for lack of subject matter jurisdiction." Id., 742. No counter affidavits were filed by the plaintiff in this case. Consequently, under Novicki, the defendant's motion for summary judgment must be granted. See also Amore v. Frankel,228 Conn. 358, 368-69, 636 A.2d 786 (1994).
The defendant's second ground for summary judgments that the alleged fall did not take place on a "roadway" within the meaning of §13a-149, is further reason to grant the defendant's motion. There is no allegation, let alone evidence, to support a claim that the alleged fall took place "in, upon or near the traveled path" as required in order to bring the plaintiff's claim within the purview of the highway statute.Baker v. Ives, 162 Conn. 295, 300, 294 A.2d 290 (1972). Nor is this a case like Serrano v. Burns, 248 Conn. 419, 427, 727 A.2d 1276 (1999), where there was a factual issue as to whether the roadside rest area of a state highway was so closely related to travel upon the highway that the area was part of the highway system itself. The plaintiff in the present action has acknowledged that her fall took place in a parking lot at the rear of a building.
Accordingly, for the above reasons, the defendant's motion for summary judgment is granted.
___________ Berger, J.