**Suzan KLEIN, Plaintiff-appellant,**

v.

**CITY OF NORWALK, Defendant-appellee,**

**Sono Court Associates, LLC, Defendant.**

**No. 07–3249–cv.**

United States Court of Appeals, Second Circuit.

Jan. 7, 2009.

Ira B. Grudberg (Anthony D. Sutton, on the brief), Jacobs, Grudberg, Belt, Dow & Katz, PC, New Haven, CT, for Appellant.

M. Jeffry Spahr, Office of Norwalk Corporation Counsel, Norwalk, CT, for Appellee.

PRESENT: Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. P. KEVIN CASTEL, District Judge.[1]

## SUMMARY ORDER

Plaintiff Suzan Klein appeals from a decision and order entered in the United States District Court for the District of Connecticut (Squatrito, *J.*), dismissing her case for lack of subject matter jurisdiction on the ground that she did not comply with the notice requirements before bringing a negligence claim against a municipality pursuant to Connecticut's defective highway statute. *See* Conn. Gen.Stat. § 13a–149; *see also Salemme v. Town of Seymour*, 262 Conn. 787, 793, 817 A.2d 636 (2003) ("plaintiff who fails to comply with [notice] requirements cannot maintain a cause of action against a municipality" (internal quotation marks and citation omitted)). Since subject matter jurisdiction is a legal question and there are no disputes over the subsidiary facts pertaining to this issue, we review the district court's conclusions of law *de novo. United States v. Forma*, 42 F.3d 759, 762 (2d Cir.1994). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

The sole issue on appeal is whether the City-owned parking lot, where Klein tripped and sustained injuries, falls within the purview of Connecticut General Statutes § 13a–149, which provides that a "person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." The Connecticut Su-

---

1. The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

preme Court has declined to decide whether a parking lot is or is not a "road" as a matter of law for purposes of the state's defective highway laws, but instead has focused the analysis on the location of the defect to determine whether an injury occurring in a parking lot is covered under the statute. *See Serrano v. Burns,* 248 Conn. 419, 427, 727 A.2d 1276 (1999); *Baker v. Ives,* 162 Conn. 295, 299–301, 294 A.2d 290 (1972).[2] In *Baker v. Ives,* a negligence action involving a defect on a grassy parking area adjacent to a highway, the court recognized that the defect does not have to be on the "actual traveled portion of the highway." 162 Conn. at 299, 294 A.2d 290. Rather, it is sufficient for the defect to be "in, upon, or near the traveled path," so as to "obstruct or hinder one in the use of the road for the purpose of traveling thereon." *Id.* at 300, 294 A.2d 290 (internal quotation marks omitted). Furthermore, the court explained that the statute protects not only "vehicular traffic," but also "pedestrian travel." *Id.* at 299, 294 A.2d 290. Whether the defect is "near the traveled path" is "generally a question of fact for the jury." *Id.* at 300, 294 A.2d 290.

On appeal, Klein submits that the drainage grate, the alleged defect that was located in the middle of the parking lot, is too far from one of the roads bordering the lot to be considered "near the traveled path," and that the parking lot "is much less related to travel upon the highway as it is to access to, and promotion of, the multitude of commercial and cultural operations" in that area. Appellant's Br. at 11–12. Klein argues that these issues at a minimum pose issues of fact that the district court should not have resolved as a matter of law. We are not persuaded.

In *Serrano v. Burns,* 248 Conn. 419, 727 A.2d 1276, the Connecticut Supreme Court held that "facts showing that highway travelers are invited by the state to use [an area not on the traveled path] may establish that the use of such an area is so closely related to travel upon the highway that such an area is part of the state highway system." *Id.* at 429, 727 A.2d 1276. Such invitation demonstrates the defect's "proximity to the highway so as to be considered 'in, upon, or near the traveled path.'" *Id.* (internal quotation marks omitted). The *Serrano* court thus concluded that a fact finder could reasonably find that a defect in a parking lot of a public rest area, which was not adjacent to a highway but located in between two highway exits, is "in, upon, or near the traveled path." *Id.* (internal quotation marks omitted).

Here, the undisputed facts conclusively establish the proximity of the drainage grate to a traveled path. Unlike the rest area parking lot in *Serrano,* which was not located next to a highway, the City-owned parking lot in this case was bordered by three different streets. In addition, Klein does not challenge that the City invited the public to use the parking lot to facilitate their travel to the area's shops, attractions, and other places of business. It is also undisputed that once a vehicle is parked,

2. *Baker v. Ives* addressed Connecticut General Statutes § 13a–144, which mirrors § 13a–149 in that it abrogates the State's (as opposed to a municipality's) immunity from negligence liability for defective highways, bridges, or sidewalks that are the duty of the State to keep in repair. *Serrano v. Burns* explained that § 13a–144 "affords a right of recovery similar to that against the municipalities under § 13a–149 and is subject to the same limitations." *Id.* at 426, 727 A.2d 1276 (internal quotation marks omitted). Thus, we apply the Connecticut Supreme Court's interpretation of § 13a–144's applicability to parking lots to § 13a–149. This treatment is consistent with several state court decisions. *See, e.g., Lisinski v. City of New London,* 40 Conn. L. Rptr. 227 (Super.Ct.2005); *Norlander v. Town of New Milford,* 30 Conn. L. Rptr. 689 (Super.Ct.2005).

automobile occupants must walk across the parking lot to reach the sidewalk; thus, the drainage gate was in an area where pedestrians are expected to traverse. *See Baker v. Ives,* 162 Conn. at 301–02, 294 A.2d 290 (where public was encouraged to use area for parking and it is reasonably to be expected that public would walk across area to reach sidewalk, it is proper for jury to conclude that defect was covered under statute). We agree with the district court that the factual inquiry has been satisfied, leaving no question for the finder of fact, and that the drainage grate in the middle of the City-owned parking lot was "in such proximity to the highway so as to be considered 'in, upon, or near the traveled path.'" *Id.* at 300, 294 A.2d 290.

Klein's argument that the parking lot is not closely related to travel upon the highway because it is offered to the public in order to provide access to the commercial establishments is without merit. In *Baker v. Ives,* 162 Conn. 295, 294 A.2d 290, "the area in question was used as a parking area for the convenience of people shopping at the stores along the road," which the Connecticut Supreme Court deemed sufficient to demonstrate that the area was intended for pedestrian travel, thus falling within the ambit of the state's defective highway statute. *Id.* at 301, 294 A.2d 290. This case is no different. The district court correctly concluded that Klein's negligence claim must be brought pursuant to § 13a–149 and is subject to the notice requirements in that provision. Dismissal of the action for failure to provide the City with the statutorily mandated notice was thus proper.

For the foregoing reasons, the Court AFFIRMS the judgment of the district court.